```
                                                                    1

 1                   UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3  ***************************************************************

 4  UNITED STATES OF AMERICA        4:18-cr-00469

 5
    VS.                             HOUSTON, TEXAS
 6

 7  JOAQUIN GUILLERMO DAVID-USUGA   MARCH 2, 2022

 8
    ***************************************************************
 9
                TRANSCRIPT OF SENTENCING PROCEEDINGS
10         HEARD BEFORE THE HONORABLE GRAY H. MILLER
                   UNITED STATES DISTRICT JUDGE
11
    ***************************************************************
12
    APPEARANCES:
13
    FOR THE PLAINTIFF:              MS. CASEY NICOLE MACDONALD
14                                  United States Attorneys Office
                                    1000 Louisiana Street
15                                      Suite 2300
                                    Houston, Texas 77002
16

17  FOR THE DEFENDANT:              MS. CAROL SANCHEZ
                                    Kenny Perez Law
18                                  847 E. Elizabeth Street
                                        Suite 151
19                                  Brownsville, Texas 78520

20
    Official Court Reporter:        David S. Smith, CSR, RPR, CRR
21                                  Official Court Reporter
                                    United States District Court
22                                  Southern District of Texas
                                    515 Rusk
23                                  Room 8004
                                    Houston, Texas 77002
24
            Proceedings recorded by mechanical stenography.
25  Transcript produced via computer.
```

```
 1                    P R O C E E D I N G S
 2            THE COURT:  So I'm going to go on the record in
 3   Criminal Case 18-469-1, United States of America versus
 4   Joaquin Guillermo David-Usuga.
 5            Who's on for the government?
 6            MS. MACDONALD:  Good morning, Your Honor.
 7   Casey MacDonald on behalf of the United States.
 8            THE COURT:  Good morning, Ms. MacDonald.
 9            And for the defendant?
10            MS. SANCHEZ:  Good morning, Your Honor.  This is
11   Carol Sanchez from Kenny Perez Law.
12            THE COURT:  All right.  Ms. Sanchez, good morning.
13            The defendant is also on the telephone and has an
14   interpreter who will be interpreting the proceedings for him
15   this morning.
16            Mr. Usuga, I just want to confirm with you that
17   you have agreed to this sentencing hearing being conducted over
18   the telephone rather than in person; is that correct?
19            THE DEFENDANT:  Yes, Your Honor.  That's the way we
20   have to do it, sir.
21            THE COURT:  Okay.  Thank you, sir.
22            This is a sentencing hearing in your case, as you
23   know; and I want to start by briefly describing the Court's
24   sentencing procedures for you.
25            The U.S. Supreme Court has held in the *Booker*
```

1   case that the sentencing guidelines are advisory and not
2   mandatory for judges.  *Booker* requires the sentencing court to
3   consider the guideline ranges, but it permits the Court to
4   tailor the sentence in light of other statutory concerns as
5   well.  The Court, in the exercise of its sentencing discretion,
6   will rely on the factors that are set out in Section 3553(a) to
7   fashion an appropriate sentence in your case to achieve the
8   congressionally-mandated purposes of sentencing as set forth in
9   the Sentencing Reform Act of 1984.  The Court will endeavor to
10  faithfully apply the directives within the guidelines in their
11  entirety to determine the total offense level and the criminal
12  history category under the guidelines.  Thereafter, the Court
13  will exercise its discretion to determine the appropriate
14  sentence.  In doing so the Court will give considerable weight
15  to the sentencing range calculated under the guidelines.  Any
16  comments by the Court in the course of this sentencing are not
17  to be construed as an indication that the Court believes that
18  the guidelines are mandatory or that they constrain the Court's
19  ultimate sentencing discretion.
20              The standard of proof for factual findings in
21  connection with sentencing is preponderance of the evidence and
22  in determining whether that standard has been met a presentence
23  report is generally considered sufficiently reliable to be used
24  by the trial court as evidence in making the factual
25  determinations which are required under the advisory

guidelines. In your case I have reviewed the presentence report, which was prepared by the Probation Department.

Let's see. Ms. MacDonald, you've filed an objection with respect to the presentence report not listing a foreign drug conviction even though it did not affect the criminal history score; is that correct?

MS. MACDONALD: That's correct, Your Honor.

THE COURT: Any other objections to the presentence report?

MS. MACDONALD: Not from the government.

THE COURT: Thank you.

Ms. Sanchez, any objections on behalf of the defendant?

MS. SANCHEZ: No, Your Honor.

THE COURT: All right. Thank you.

That being the case, the Court will adopt the presentence report and these are the Court's guideline findings. The total offense level is 32 with a criminal history category of 1. That yields a recommended period of incarceration under the guidelines of 121 to 151 months, a period of supervised release of five years, a fine ranging from 35,000 to 10 million dollars and a 100-dollar special assessment.

All right. Based upon that, Ms. MacDonald, what is the government's recommendation on sentencing?

1       MS. MACDONALD: Your Honor, the government is going to
2 recommend the low end of the guideline range, 121 months.
3 Mr. David Usuga has met with the government and debriefed
4 truthfully on several occasions. He did provide some valuable
5 intelligence on some Clan del Golfo members. The information
6 did not rise to the level of substantial assistance so we
7 couldn't file a 5K reduction; but for that reason we are
8 recommending the low end, 121 months.
9       THE COURT: All right. Thank you, Ms. MacDonald.
10       Ms. Sanchez, what is your recommendation on
11 behalf of the defendant?
12       MS. SANCHEZ: We would just like you to take into
13 account, Your Honor, exactly what was just said. He did speak
14 to U.S. agents, he did the help the Colombian government in
15 their investigation and he also pushed his extradition in order
16 to face the charges here in the United States. So he's been
17 willing to help and we hope -- you know, we appreciate that he
18 put his life at risk to qualify under the guidelines; and I'd
19 like you to take that into account in your sentencing.
20       THE COURT: All right. Thank you, Ms. Sanchez.
21       Mr. Usuga, you have the opportunity to say
22 anything that you would like to say before I determine your
23 sentence. Is there anything that you would like to tell me?
24       THE DEFENDANT: First of all, good morning, Your Honor;
25 and good morning to the Court staff.

1    I want to apologize to the government of the
2 United States for my wrongs.  Those are wrongs that one commits
3 because there are no opportunities in my country, no way to get
4 an education and you have to do other things sometimes and
5 those issues lead you to commit these wrongs.
6    But I would like to tell you also I was always
7 willing to cooperate with the government of this country.  When
8 the prosecutor came to Colombia, I gave valuable information
9 about the Colombians, putting at risk my family's life and my
10 life and my property.  Here I also interviewed with her, the
11 prosecutor.  I also gave valuable information.  I never kept
12 any information.  I always told the truth.  I also had an
13 interview with the agents here at Joe Corley and I did not
14 withhold any valuable information.  I always told the truth.
15 I'm just asking you to take that into consideration.
16    I'm person of a poor background.  I still have a
17 family and children to educate.  I have suffered during the
18 armed conflict in Colombia in my own flesh because the
19 paramilitary and the guerillas, they killed my stepdad.  I grew
20 up in poverty, and that leads you sometimes to make these
21 mistakes.  I want to tell Your Honor that I regret having made
22 those mistakes, and I'm asking you to have mercy and give me my
23 freedom.  I have four children, underage, who need me; and my
24 family has been at risk since it was said on the press that I
25 have family in Colombia.  So I have many enemies in Colombia.

It was said on the news that I'm a nephew of this person. I think that we have papers stating that that's totally false. So, Your Honor, again, I ask the U.S. for forgiveness and never again in my life will I commit these wrongs, Your Honor. So I ask you to please be fair today and send me back to my country to take care of my family.

God bless you and your court. Have a good day, sir.

THE COURT: Thank you, sir. I appreciate that.

As you know, the mandatory minimum in this case is 120 months; so there's no way that I can go below that sentence. However, in recognition of the fact that the defendant has no prior criminal convictions and has accepted responsibility for his criminal actions, has cooperated with the government, even though it did not rise to the level of substantial assistance, a sentence of 120 months takes into account the defendant's conduct in this case and appropriately sanctions his activity and I believe this sentence is adequate in meeting the sentencing objectives of 3553(a), which instructs the Court to impose a sentence which is sufficient, but not greater than necessary, when considering the nature and circumstances of the offense and the history and characteristics of the defendant.

So, therefore, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant

1   is hereby committed to the custody of the Bureau of Prisons to
2   be imprisoned for a period of 120 months.  Upon release from
3   imprisonment, the defendant shall be placed on supervised
4   release for a term of five years.  Within 72 hours of release
5   from the custody of the Bureau of Prisons, the defendant shall
6   report in person to the probation office in the district to
7   which the defendant is released.
8               While on supervised release, the defendant shall
9   not commit another federal, state or local crime, shall comply
10  with the standard conditions that have been adopted by this
11  Court, abide by any mandatory conditions required by law and
12  shall comply with the following additional conditions.
13              You must immediately report, continue to report
14  or surrender to U.S. Immigration and Customs Enforcement and
15  follow all of their instructions and reporting requirements
16  until any deportation proceedings are completed.
17              If you are ordered deported from the United
18  States, you must remain outside the United States unless
19  legally authorized to re-enter.  If you re-enter the United
20  States, you must report to the nearest probation office within
21  72 hours after you return.  It is ordered that the defendant
22  shall pay the United States a special assessment of $100;
23  however, the Court finds that the defendant does not have the
24  ability to pay a fine and the Court will waive a fine in this
25  case and the 100-dollar special assessment is due immediately

through the United States District Clerk, Southern District of Texas.

Mr. Usuga, I do need to advise you of your rights to appeal. You can generally appeal your conviction and your sentence. However, you may give up some or all of those rights in a plea agreement; and you have entered into a plea agreement in this case which does, in fact, waive some or all of your rights to appeal. These waivers are generally enforceable; however, if you believe the waiver is invalid, you can present that theory to the Court of Appeals. If you file an appeal in this case, it must be filed within 14 days after the entry of judgment. If you cannot afford to pay the costs on appeal, you can proceed without paying costs. You have the right to have an attorney appointed to represent you on appeal if you cannot afford an attorney.

Let's see. Ms. MacDonald, I think we need to dismiss Count 1.

MS. MACDONALD: Yes, Your Honor, I move to dismiss Count 1.

THE COURT: All right. Government's oral motion to dismiss Count 1 of the indictment is granted. Count 1 is dismissed.

Anything else from the government, Ms. MacDonald?

MS. MACDONALD: No. Thank you.

THE COURT: Okay. Thank you.

Ms. Sanchez, anything from the defendant?

MS. SANCHEZ: No, Your Honor.

THE COURT: Placement request to the BOP perhaps?

MS. SANCHEZ: Atlanta, Georgia, please.

THE COURT: All right. We'll make that request.

PROBATION OFFICER: Can you say that again? I didn't get it. This is probation, Cynthia.

THE COURT: Ms. Sanchez --

MS. SANCHEZ: I said, "Atlanta, Georgia."

THE COURT: As close to Atlanta, Georgia, as possible?

MS. MACDONALD: Yes, please.

THE COURT: Got it. We'll make that recommendation.

If there's nothing else, we're adjourned. Thank you.

MS. MACDONALD: Thank you.

MS. SANCHEZ: Thank you, Your Honor.

(The proceedings were adjourned.)

* * * * *

REPORTER'S CERTIFICATE

I, David S. Smith, CSR, RPR, CRR, Official Court Reporter, United States District Court, Southern District of Texas, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

                                    /s/ David S. Smith
                                    Official Court Reporter